## UNITED STATES BANKRUPTCY COURT
NORTHERN  **DISTRICT OF** ILLINOIS

EASTERN DIVISION

In re:  HOMEMADE PIZZA COMPANY, §   Case No. 14-43324
        LLC                      §           Hon. CAROL A. DOYLE
                                 §           Chapter 7
                                 §
                                 §
        Debtor(s)

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that ALLAN J. DeMARS , trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Application for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

219 S. Dearborn  Street
7th Floor
Chicago, IL 60604

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within ___21 days from the mailing of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee.  A hearing on the fee applications and any objection to the Final Report will be held at 10:30am  on 07/16/2015  in Courtroom 742  , Dirksen Federal Building  Courthouse,
219 S. Dearborn Street
Chicago, IL

If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: _____    By: Clerk U. S. Bankruptcy Court _____

(Title of person signing form)

*Trustee's Name:*
ALLAN J. DeMARS

*Trustee's Address:*
19 S. LaSalle St.
Suite 902
Chicago, IL 60603

# UNITED STATES BANKRUPTCY COURT

NORTHERN   **DISTRICT OF** ILLINOIS

EASTERN DIVISION

In re:   HOMEMADE PIZZA COMPANY,    §    Case No.   14-43324
LLC                                                §                    Hon. CAROL A. DOYLE
                                                           §                    Chapter 7
                                                           §
                                                           §
Debtor(s)

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

| | |
|---|---:|
| *The Final Report shows receipts of* | $22,972.34 |
| *and approved disbursements of* | $55.72 |
| *leaving a balance on hand of* [1] | $22,916.62 |

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| NONE | | $0.00 | $0.00 | $0.00 | $0.00 |

| | |
|---|---:|
| Total to be paid to secured creditors: | $0.00 |
| Remaining balance: | $22,916.62 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| *Trustee, Fees*  ALLAN J. DeMARS | $3,047.23 | $0.00 | $3,047.23 |
| *Trustee, Expenses*  ALLAN J. DeMARS | $14.90 | $0.00 | $14.90 |
| *Attorney for Trustee, Fees* | | | |
| *Attorney for Trustee, Expenses* | | | |
| *Accountant for Trustee, Fees* | | | |
| *Accountant for Trustee, Expenses* | | | |
| *Auctioneer, Fees* | | | |
| *Auctioneer, Expenses* | | | |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010)

_Charges,   U.S. Bankruptcy Court_

_Fees, United States Trustee_

Other

| | |
|---|---|
| Total to be paid for chapter 7 administrative expenses: | $3,062.13 |
| Remaining balance: | $19,854.49 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| _Attorney for Debtor, Fees_ | | | |
| _Attorney for Debtor, Expenses_ | | | |
| _Attorney for_                    , _Fees_ | | | |
| _Attorney for_                  , _Expenses_ | | | |
| _Accountant for_                  , _Fees_ | | | |
| _Accountant for_                , _Expenses_ | | | |
| Other | | | |

| | |
|---|---|
| Total to be paid for prior chapter administrative expenses: | $0.00 |
| Remaining balance: | $19,854.49 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____ $6,717.61 must be paid in advance of any dividend to general (unsecured) creditors.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010)

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 14 | Illinois Department of Revenue | $6,717.61 | $0.00 | $6,717.61 |

Total to be paid for priority claims: $6,717.61

Remaining balance: $13,136.88

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $501,271.43 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 2.6 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | American Financial Management | $155,208.52 | $0.00 | $4,067.57 |
| 2 | Peoples Gas, Light & Coke Co. | $2,278.08 | $0.00 | $59.70 |
| 3 | Commonwealth Edison Co. | $13,516.76 | $0.00 | $354.23 |
| 4 | Ryan Bringas | $664.99 | $0.00 | $17.43 |
| 5 | Verlo Graphics | $3,470.00 | $0.00 | $90.94 |
| 6 | Edward Don & Co. | $23,819.84 | $0.00 | $624.25 |
| 7 | Chatham Center LLC | $94,841.73 | $0.00 | $2,485.53 |
| 8 | Pepsi Beverages Co. | $968.31 | $0.00 | $25.38 |
| 9 | Hartford Fire Insurance Co. | $25,200.25 | $0.00 | $660.42 |
| 10 | American InfoSource LP agent for Verizon | $177.35 | $0.00 | $4.65 |
| 11 | American InfoSource LP agent for Verizon | $926.14 | $0.00 | $24.27 |
| 12 | American InfoSource LP agent for Verizon | $1,352.82 | $0.00 | $35.45 |
| 13 | Village of Winnetka | $1,309.90 | $0.00 | $34.33 |
| 15 | Nicor Gas | $190.32 | $0.00 | $4.99 |
| 16 | Funnel LLC | $19,215.00 | $0.00 | $503.57 |
| 17 | 1647 Wells LLC | $54,830.25 | $0.00 | $1,436.94 |
| 18 | JC Erlich Pest Control | $2,462.24 | $0.00 | $64.53 |
| 19 | Illinois Bell Telephone | $471.50 | $0.00 | $12.36 |
| 20 | General Auto Service Station | $100,367.43 | $0.00 | $2,630.34 |

Total to be paid for timely general unsecured claims: $13,136.88

Remaining balance: $0.00

Tardily filed claims of general (unsecured) creditors totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full.  The tardily filed claim dividend is anticipated to be ____0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| NONE | | $0.00 | $0.00 | $0.00 |

| | |
|---|---|
| Total to be paid for tardily filed general unsecured claims: | $0.00 |
| Remaining balance: | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____$1,731.55 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be ____0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | *Claimant* | *Allowed Amount of Claim* | *Interim Payments to Date* | *Proposed Payment* |
|---|---|---|---|---|
| 14 | Illinois Dept of Revenue | $1,731.55 | $0.00 | $0.00 |

|  | | |
|---|---|---|
| Total to be paid for subordinated claims: | $0.00 |
| Remaining balance: | $0.00 |

Prepared By: /s/ ALLAN J. DeMARS
_____
Trustee

*Trustee's Name:*
ALLAN J. DeMARS
_____

*Trustee's Address:*
19 S. LaSalle St.
Suite 902
Chicago, IL 60603
_____

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.